## Thomas v. Fidelity & Casualty Co. of New York.

(Decided March 12, 1935.)

BOOTH & CONNER and J. VERSER CONNER for appellant.

L. R. CURTIS for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

In November, 1929, the Stone Securities Company filed in the office of the commissioner of the Kentucky Securities Law an application for registration as a dealer in securities pursuant to the requirements of the Act of March 23, 1926, Acts of 1926, c. 76, section 883e-1 et seq., of the Kentucky Statutes, commonly known as the "Blue Sky Law." The Stone Securities Company also filed with its application a bond in the sum of $5,000 running to the commonwealth of Kentucky, conditioned upon the faithful compliance with the provisions of the "Blue Sky Law" by the company and its agents. The Fidelity & Casualty Company of New York signed the bond as surety.

On November 23, 1929, the appellant, J. B. Thomas, purchased from the Stone Securities Company 20 shares of the capital stock of H. O. Stone & Co. for which he paid the Stone Securities Company $635, and on March 3, 1930, he purchased 80 additional shares of the same stock for which he paid it $2,320.

On August 29, 1933, he brought this action against the Fidelity & Casualty Company of New York, the surety on the bond executed by the Stone Securities Company when it was registered by the securities department of the state of Kentucky as a dealer in securities, to recover the sum of $635, with interest thereon from November 23, 1929, and the additional sum of $2,320, with interest thereon from March 13, 1930. The bond was set out in full in the petition, and it was alleged that the stock purchased by the plaintiff was worthless at the time he purchased it, and that he was induced to purchase it by the fraud, deceit, and imposition of the Stone Securities Company, and facts constituting fraud and misrepresentation on the part

of the Stone Securities Company in the sale of the stock were alleged. The defendant filed an answer the first paragraph of which was a traverse and in the second paragraph it pleaded limitations. The plaintiff in his reply to the second paragraph of the answer alleged that he was seeking to recover the amount paid by him for securities which he had been induced to purchase by false and fraudulent representations, and the defendant, by the bond, specifically agreed "to save harmless any purchaser of such securities who suffers loss by reason of fraud, deceit or imposition in the sale of such securities by the Stone Securities Company." It was further alleged that section 883e-18 of the Kentucky Statutes, which creates a 2-year period of limitations for an action by a purchaser against the seller to rescind the contract of purchase because of failure of the seller to comply with the terms of the "Blue Sky Law," does not apply where the cause of action is based upon fraud and misrepresentation and not upon the noncompliance of the seller with the provisions of the law. It was also alleged that the plaintiff did not know at the time the fraud was practiced upon him, and had no means of knowing, that the representations made to him were false, or that the financial condition of H. O. Stone & Co. was other than it was represented to be, and that he did not discover the fraud that had been practiced upon him, and could not have discovered same, until the year 1933. A demurrer to the reply was carried back to the petition and sustained, and, the plaintiff having declined to plead further, his petition was dismissed.

Section 18 of the Securities Act (Ky. Stat. sec. 883e-18) provides that every sale made in violation of any of the provisions of the act shall be voidable at the election of the purchaser and the person making such sale, and every director, officer, or agent of such seller who shall have participated or aided in any way in making such sale shall be jointly and severally liable to such purchaser in an action at law for the full amount paid by him upon tender to the seller of the securities sold or of the contract made. The section then reads:

"Provided, that no action shall be brought for the recovery of the purchase price, after two years from the date of such sale or contract for sale."

Appellant contends that the two-year limitation period of the act has no application to an action in which recovery is sought on the ground of fraud, but bars only those new and extraordinary remedies created by the act. It is his contention that sections 2515 and 2519 of the Statutes apply. Section 2515 provides that an action for relief on the grounds of fraud shall be commenced within five years next after the cause of action accrued, and section 2519 reads:

> "In actions for relief for fraud or mistake, or damages for either, the cause of action shall not be deemed to have accrued until the discovery of the fraud or mistake; but no such action shall be brought ten years after the time of making the contract or the perpetration of the fraud."

It is further contended that even if the two-year statute of limitations applies to fraud cases, the time does not begin to run until the fraud is discovered, or, by the exercise of ordinary care, ought to have been discovered.

The solution of the problem depends, of course, upon the proper construction of the Securities Act. The period within which the purchaser of securities must bring an action for damages resulting from a violation of any provision of the act by the seller was fixed by the Legislature, and that was a matter entirely within its discretion. It saw fit to limit the period to two years, and there is no saving clause creating any exception. It is said that the two-year limitation period has no application to fraud cases, but was intended to apply only to those new and extraordinary remedies created by the act. It is true the act does create new remedies, since it permits the purchaser of securities to rescind the contract of sale for the violation by the seller of any of its provisions, such as failure to register the securities sold according to the requirements of section 5 of the act (Ky. Stats. sec. 883e-5), Smith v. Crawford, 228 Ky. 420, 15 S. W. (2d) 249, but the statute also provides a remedy for the purchaser when he is induced to purchase securities by fraud and misrepresentation. It is a remedy he could have invoked in the absence of the act, and one that is available to all defrauded purchasers of property of any description. The Legislature selected certain classes of property in the sales of which fraud frequently played a prominent

part and attempted to circumscribe their sale with safe-guards that would protect the purchaser from being overreached. The purpose and intention of the "Blue Sky Law," as expressed in section 30 of the act (Ky. Stat. sec. 883e-30), is to protect the public from fraud, deceit, and imposition in the sale of the securities referred to therein. The whole act is impregnated with that idea, and a suit on the bond which a dealer in securities is required by section 10 of the act (Ky. Stat. sec. 883e-10) to execute is the invoking of a remedy provided by the act, and the period of limitation prescribed by the act controls. The act furnishes the defrauded person with the additional security of a bond, and it may be that this, together with the belief that fraud in the sale of securities, such as the act defines and the sale of which it regulates, ought to be discovered within a reasonably brief period of time, induced the Legislature to fix the limitation period at two years. It would, no doubt, be difficult to obtain sureties on the bonds required by the act if section 2519 of the Statutes was applicable and the period of uncertainty as to their liability on the bond was extended to ten years. In any event, the Legislature has spoken on the subject, and whatever its reason may have been it has limited the time to two years within which all actions under the act must be brought, without any exception. The language of the act is plain and unmistakable, and there is no void to be filled or ambiguity to be clarified by construction. An action against the surety is clearly an action invoking the remedies of the "Blue Sky Law," and certainly the limitation prescribed by that law is applicable to it.

It is argued that if section 2519 of the Statutes is not applicable the two-year statute should not begin to run until the discovery of the fraud; that such a holding would be in accordance with the common-law rule, recognized by a majority of the courts, that statutes of limitations do not bar suits based upon fraud until the fraud is discovered, or, by the exercise of ordinary care, could have been discovered, and the following from Fletcher on Corporations, vol. 6, sec. 3884, which correctly states the general rule, is cited:

> "In most jurisdictions the statute of limitations does not begin to run against the right of action for damages until the discovery of the fraud; or until the defrauded party has notice of facts sufficient to

put him on inquiry. In some states, however, it is held that the statute begins to run when the transaction is consummated rather than when the fraud is discovered, unless the existence of the cause of action is fraudulently concealed.''

The application of the rule, however, will depend upon the wording of the particular statute. Section 2515 of our Statutes, which applies to all cases of fraud, requires an action for relief on the ground of fraud to be commenced within five years next after the cause of action accrued. Section 2519, in so far as it provides that the cause of action shall not be deemed to have accrued until the discovery of the fraud, is merely declaratory of the rule that would have been applied by the courts in the absence of such a statute. The language used in section 18 of the Securities Act (Ky. Stat. sec. 883e-18) is entirely different from the language used in section 2515. In prescribing a period of limitation in actions under the Securities Act, the Legislature specifically said that no action should be brought for the recovery of the purchase price after two years ''from the date of such sale or contract for sale.'' No provision was made for postponing the time when the two-year statute of limitations begins to run. The sale itself starts the running of the statute. To hold that the cause of action against the surety shall not be deemed to have accrued until the discovery of the fraud would be to make, by judicial construction, an exception to the statute of limitations which the Legislature did not think proper to make. The Legislature has ample power, if it sees fit, to limit the time within which remedies to enforce a right may be invoked. It is the sole judge in such matters, and where, as in the instant case, it has spoken in plain and unmistakable language the courts are without authority to ingraft an exception upon the statute. Hawley Coal Company v. Bruce, 252 Ky. 455, 67 S. W. (2d) 703.

As to the surety on the bond required to be executed by the principal who registers as a dealer in securities under the ''Blue Sky Law,'' the act provides the remedy, gives the cause of action, and fixes the time in which an action must be brought. Chapter 107 of the Acts of 1920, now article 1, chapter 85a (sec. 2651a-1 et seq.) of the Kentucky Statutes, declares that a sale of a stock of merchandise in bulk is fraudulent and void as against creditors of the seller unless the pur-

chaser takes certain prescribed steps before the consummation of the sale. Section 3 of the Bulk Sales Act (Ky. Stat. sec. 2651a-3) fixes the limitation period as follows:

"Provided, further, that no proceeding at law or equity shall be brought against the purchaser to invalidate any such sale after the expiration of four months from the consummation thereof."

Prior to the act of 1920 the limitation period was 90 days.

In Patterson v. Peaslee-Gaulbert Company, 174 Ky. 47, 191 S. W. 670, L. R. A. 1917D, 882, the provision of the statute, fixing the time within which a creditor of the seller must bring an action against the purchaser to invalidate the sale, was held to be mandatory and exclusive.

In Brown, Bell & Cowgill v. Garrett, 225 Ky. 190, 7 S. W. (2d) 1045, 1046, the court, in construing the provision of the Bulk Sales Act fixing the limitation period, said:

"It was the intention of the Legislature to provide for the starting of the limitations of four months, contained in the proviso to the third section, from the notorious act of taking possession and when the passing of title occurred."

So here it was the intention of the Legislature to provide for the starting of the limitations of two years from the date of the sale.

We are not unmindful of the decision in National Surety Company v. Coleman, 213 Ala. 377, 104 So. 821, and the persuasive reasoning found in the opinion in that case in which the Supreme Court of Alabama reached a contrary decision in construing a similar provision in the Alabama Blue Sky Law. However, we are convinced that our construction of our statute, in the light of all the circumstances, is correct.

The judgment is affirmed.