Wayne WADE, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

June 21, 1957.

Rodes K. Myers, Bowling Green, for appellant.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, Asst. Atty. Gen., for appellee.

BIRD, Judge.

Appellant, a juvenile of the age of sixteen, was brought before the Juvenile Court of Warren County upon a verified petition filed with said Judge pursuant to the provisions of KRS 208.070, wherein it was alleged that appellant came within the purview of KRS Chapter 208 by being drunk in a public place. On July 26, 1956, a hearing was had before the Juvenile Court on the aforementioned petition, and on said date it was ordered and adjudged that appellant be committed to the Department of Welfare, Commonwealth of Kentucky, for an indeterminate period not to exceed the age of twenty-one years, and in this judgment it was directed that the commitment be suspended pending the good behavior of the appellant. On October 11, 1956, the appellant was again before the Juvenile Court on a second verified petition when a hearing was held and it was ordered and adjudged that the appellant be committed to the Department of Welfare, Commonwealth of Kentucky, for an indeterminate period not to exceed the age of twenty-one. From the judgment of October 11, 1956, appellant filed motion for an appeal to the Warren Circuit Court, which was granted on October 13, 1956. A hearing was held in the Circuit Court, and the trial court dismissed the appeal for want of jurisdiction.

In so doing it was held that the Juvenile Court had divested itself of jurisdiction of the present case by its previous judgment

of July 26, 1956, and, the Juvenile Court being without jurisdiction originally, the Circuit Court was without jurisdiction to try the case de novo on appeal. Appellant contends that the Juvenile Court retained its jurisdiction by the wording of the judgment of July 26, 1956, and that the Circuit Court's conclusion is in error. The pertinent part of that judgment reads as follows:

"It is ordered and adjudged that subject child be, and hereby is, committed to the Department of Welfare, Commonwealth of Kentucky, for an indeterminate period not to exceed the age of twenty-one (21) years; however, this sentence is suspended pending the good behavior of Paul Wayne Wade, age 16. (Signed) John M. Milliken."

Only one question is before this Court. Did the Circuit Court err in denying its jurisdiction on appeal?

Exclusive original jurisdiction of the actions involved here is vested in the Juvenile Court (KRS 208.020). If there is no original jurisdiction below we must agree that the Circuit Court has no jurisdiction to hear the case de novo on appeal. We must therefore determine whether the Juvenile Court did or did not divest itself of jurisdiction by the first judgment of July 26, 1956.

The Juvenile Court, under KRS 208.200 had three alternatives by which it could dispose of appellant:

(a) Place the child on probation or under supervision in his own home or in a suitable family home or boarding home upon such conditions as the court shall determine until the child reaches the age of twenty-one years;

(b) Commit the child to the custody or guardianship of a private or public institution or agency authorized to care for such children, or under the guardianship of a suitable person until the child reaches the age of twenty-one years; or

(c) Commit the child to the Department of Welfare for an indeterminate period not to exceed twenty-one years.

It will also be observed that KRS 208.-200(1), in alternative (a) and (b), specifically provides for the retention of jurisdiction by the Juvenile Court and that alternative (c) has no such provision, and further, KRS 208.200(2) provides as follows:

"(2) If a child is disposed of as provided in paragraph (a) or (b) of subsection (1) of this section, the court may modify or set aside its order at any time, and direct that the child be otherwise disposed of in accordance with KRS 208.010 to 208.590."

It will be observed that alternatives (a) and (b) are specifically mentioned but not alternative (c).

What did the legislature mean by its exclusion of alternative (c) in KRS 208.200? We look to the maxim "expressio unius est exclusio alterius" for assistance in determining the real intention of the legislature. Let us here use the maxim in the narrow and limited manner prescribed by Chief Justice Taft in the case of Ford v. United States, 273 U.S. 593, 47 S.Ct. 531, 537, 71 L.Ed 793. It was there said:

"This maxim properly applies only when in the natural association of ideas in the mind of the reader that which is expressed is so set over by way of strong contrast to that which is omitted that the contrast enforces the affirmative inference that that which is omitted must be intended to have opposite and contrary treatment."

By so applying the maxim to KRS 208.200 it is manifest that, under alternative (c), the legislature intended that the Juvenile Court have no control over its judgment and no further jurisdiction of the appellant. Any effort to suspend the operation of the judgment of July 26, 1956, is void and does not constitute a probation

under alternative (a), and the commitment therein to the Department of Welfare is absolute and unconditioned, divesting the Juvenile Court of jurisdiction to try the case at bar. It follows that the Circuit Court had no jurisdiction to try the case de novo on appeal, and that the appeal from the Juvenile Court was properly dismissed.

The judgment is affirmed.