JO'LEE, INC. and Lee Goren, Appellants,

v.

Donald L. FRANCKE and Marjorie Francke, his wife, Appellees.

Supreme Court of Kentucky.

Jan. 9, 1976.

Dennis J. Hummel, Louisville, for appellants.

Henry Hopson, Louisville, for appellees.

JONES, Justice.

Donald L. Francke and wife instituted this action against Jo'Lee, Inc., to recover damages for alleged breach of contract in the construction of a three-story addition to their house. Some 16½ months after the filing of the original complaint, the Franckes filed an amended complaint alleging that Lee Goren as a servant and agent of Jo'Lee, Inc., acting within the scope of his authority, falsely represented and warranted that the remodeling job which they purchased would be performed in a good and workmanlike manner out of sound material. The Franckes contend that Goren's representations and warranties were material and were made knowingly so as to induce them to enter into the contract. They insist that the work performed was not in a good workmanlike manner, nor was the material used in the construction of the addition as represented by Goren.

The jury awarded the Franckes the sum of $1,000.00 in damages against Jo'Lee, Inc., and $5,000.00 against Goren, president of Jo'Lee, Inc. Jo'Lee, Inc., and Goren instituted this appeal.

Goren argues that the trial court should have sustained his motion for a directed verdict. Without determining whether the complaint as amended pleaded a claim of actionable fraud, there was no proof that Goren knew or should have known that the addition was being constructed in a faulty manner. In any event, to establish deceit the representation must be made with knowledge of its falsity or under circumstances that do not justify a belief in its truth.

The Franckes entered into the contract with Jo'Lee with eyes opened. They acquired information concerning the integrity of Jo'Lee from the vanguard of the consumer, the Better Business Bureau. They conferred with two other construction companies about the price of the construction, before contacting Jo'Lee, Inc. According to Mrs. Francke, one of the companies could not do the job; the other's price was too

high. The Franckes signed a completion certificate. A building inspector testified that the work was completed in a satisfactory manner. Changes from the original plans were requested by Mrs. Francke. These changes were made to her satisfaction.

Although Jo'Lee, Inc., by counsel states, "Surely the Court has noticed that Jo'Lee, Inc., did not appeal for there was no error with regard to it." (appellants' brief, p. 28.) However, this court notes in the statement of appeal that the appellants are Jo'Lee, Inc., and Lee Goren.

The judgment is affirmed as to Jo'Lee, Inc., and reversed as to Goren, with directions that a judgment be entered on behalf of Goren, consistent with his motion for judgment n. o. v.

All concur.