Joseph A. CAROTHERS et al., Plaintiffs–Appellees,

v.

W. Thomas RICE et al., Defendants–Appellants.

No. 78–3366.

United States Court of Appeals, Sixth Circuit.

Argued March 31, 1980.

Decided Sept. 15, 1980.

Rehearing and Rehearing En Banc Denied Oct. 23, 1980.

---

8

Franklin R. Nix, Oscar N. Persons, Alston, Miller & Gaines, F. Dean Copeland, Jeffrey P. Adams, Atlanta, Ga., Joseph E. Stopher and Edward H. Stopher, Boehl, Stopher, Graves & Deindoerfer, Louisville, Ky., for defendants–appellants.

John L. Carroll, Johnson, Carroll & Griffith, Professional Corp., Evansville, Ind., Lawrence L. Pedley, William T. Warner, Robert P. Ross, Wood, Goldberg, Pedley & Stansbury, Louisville, Ky., for plaintiffs–appellees.

Before BROWN, KENNEDY and JONES, Circuit Judges.

CORNELIA G. KENNEDY, Circuit Judge.

We permitted an interlocutory appeal in this case to decide what statute of limitations should be applied to a claim under § 10(b) of the Securities and Exchange Act of 1934 (1934 Act) (15 U.S.C. § 78j(b)) and rule 10b–5 of the Securities and Exchange Commission filed in Kentucky. Appellees filed their complaint in the United States District Court for the Western District of Kentucky alleging that they were fraudulently induced to sell their stock in Cybernetics Systems, Inc. by appellants' misrepresentations and omissions in a tender offer in violation of § 10(b) and rule 10b–5 and the laws of Kentucky, Delaware, and Virginia. They prayed for damages or, alternatively, rescission. Appellants moved to dismiss on the ground that the action was time–barred by the three year statute of limitations in Kentucky's Blue Sky Law, Ky.Rev.Stat.Ann. § 292.480(3). The District Court denied the motion, holding that the action was timely under Kentucky's five year statute of limitations for claims based on fraud, Ky.Rev.Stat.Ann. § 413.120(12). He certified the choice of the five year statute under 28 U.S.C. § 1292(b) as a controlling question of law as to which there is substantial ground for difference of opinion.

There is no federal statute of limitations for § 10(b) and rule 10b–5 actions. The private cause of action against one who violates their terms was not expressly granted. Rather, after numerous district courts and courts of appeals found an implied private cause of action, the United States Supreme Court confirmed that such a cause of action did exist. In the absence of a federal statute of limitations, this Court must look to the statutes of the forum state, Kentucky, and apply that which

best effectuates the purposes of the federal securities laws. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 210 n.29, 96 S.Ct. 1375, 1389 n.29, 47 L.Ed.2d 668 (1976); *Gaudin v. KDI Corp.*, 576 F.2d 708, 711 (6th Cir. 1978); *Charney v. Thomas*, 372 F.2d 97, 100 (6th Cir. 1967).

Appellants argue the blue sky law should apply as defrauded sellers have an implied remedy therein; the criminal liability section, Ky.Rev.Stat.Ann. § 292.320(1), is virtually identical with rule 10b–5; the blue sky law has the same purpose as the federal securities laws; Kentucky has held that its blue sky law contains the sole appropriate limitation period for a federal claim by a purchaser of securities, induced by a misrepresentation, against the seller; and shorter, not longer, statutes of limitations better effectuate the purpose behind the federal securities laws. Appellees argue that the common law fraud action is closer to a 10b–5 claim than a claim under Kentucky's Blue Sky Law as defrauded sellers do not have a remedy under the blue sky law; both 10b–5 and fraud actions require scienter while the blue sky law claim does not; both 10b–5 and fraud actions require the plaintiff to have relied upon the misrepresentation while the blue sky law does not; both 10b–5 and fraud actions allow rescission or damages but the blue sky law only allows damages if the plaintiff no longer possesses the securities; and longer, not shorter, statutes of limitations better effectuate the purposes behind the federal securities laws.

## I.

Section 413.120(12) provides that an "action for relief or damages on the ground of fraud or mistake" shall be commenced within five years after the cause of action accrued.

Section 292.320(1) provides:

(1) It is unlawful for any person, in connection with the offer, sale or purchase of any security, directly or indirectly:

(a) To employ any device, scheme, or artifice to defraud;

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

An express civil remedy is provided in § 292.480(1):

(1) Any person, who offers or sells a security in violation of this chapter or of any rules and regulations promulgated hereunder or offers or sells a security by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made in the light of the circumstances under which they are made not misleading (the buyer not knowing of the untruth or omission) and who does not sustain the burden of proof that he did not know and in the exercise of reasonable care could not have known of the untruth or omission is liable to the person buying the security from him, who may sue either at law or in equity to recover the consideration paid for the security, together with interest at six percent per annum from the date of payment costs and reasonable attorneys' fees, less the amount of any income received on the security, upon the tender of the security, or for damages if he no longer owns the security. Damages are the amount that would be recoverable upon a tender less (a) the value of the security when the buyer is disposed of it and (b) interest at six percent per annum from the date of disposition.

This remedy is limited by a three year statute of limitations provided in § 292.-480(3).

Kentucky's Blue Sky Law only expressly provides a civil remedy for defrauded purchasers; it provides a civil remedy for defrauded sellers like the appellees only if such a remedy can be implied. If no remedy can be implied, it would be improper to

apply the statute of limitations from the blue sky law.

Since the standard for determining the applicable statute of limitations is to select the statute that best effectuates the federal policy involved, it is appropriate to look to the local statute which bears the closest resemblance to the federal statute involved.

*Vanderboom v. Sexton*, 422 F.2d 1233, 1237–38 (8th Cir.), *cert. denied*, 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970). If a plaintiff could bring his federal securities claim under state common law, but could not bring any such claim under state blue sky law, the state blue sky law could hardly be said to bear the closest resemblance to the federal statute.

Kentucky's Blue Sky Law is largely drawn from the Uniform Securities Act (U.S.A.). Appellants argue a cause of action for defrauded sellers can be implied both from the language adopted and from the language not adopted from that Act.

Section 292.320(1) is almost an exact copy of U.S.A. § 101, which provides:

It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly

(1) to employ any device, scheme, or artifice to defraud,

(2) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, or

(3) to engage in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person.

The comments to § 101 explain that § 101 is taken substantially from rule 10b–5, which was modeled after § 17(a) of the Securities Act of 1933 (1933 Act).[1] Implied remedies under rule 10b–5 have been extended only to defrauded purchasers and defrauded sellers. *See Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975); *Gaudin v. KDI Corp.*, *supra*, 576 F.2d at 711.

U.S.A. provides expressly for civil liability for defrauded purchasers in § 410, which is similar to § 292.480(1) except that the Kentucky legislature did not adopt § 410(h) of U.S.A. It is section 410(h) which provides that the statutory remedies shall be in addition to the remedies provided at common law and that no remedies shall be implied under the statute except as are expressly provided for in § 410.[2] The comments to § 410 clearly proscribe any implication of a remedy for defrauded sellers even though private causes of action have been implied under rule 10b–5 for defrauded sellers as well as for defrauded purchasers. U.S.A., in §§ 414(a) and 414(b), applies § 410 to any person who sells or offers to sell, but does not apply § 410 to any person who buys or offers to buy.

The Kentucky legislature did not enact § 410(h) of U.S.A., nor did it enact §§ 414(a) and 414(b). The failure to enact these sections indicates that the Kentucky legislature, unlike the drafters of U.S.A., did not intend to preclude implied remedies under the Kentucky Blue Sky Law similar to im-

---

1. Rule 10b–5 (17 C.F.R. § 240.10b–5) reads as follows:

§ 240.10b–5 Employment of manipulative and deceptive devices.

It shall be unlawful for any person directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances

under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchaser or sale of any security.

2. Section 410(h) provides:

(h) The rights and remedies provided by this act are in addition to any other rights or remedies that may exist at law or in equity, but this act does not create any cause of action not specified in this section . . . .

plied remedies under rule 10b–5. *Compare LaRosa Building Corp. v. Equitable Life Assurance Society of United States*, 542 F.2d 990, 993 (7th Cir. 1976) (court concluded defrauded sellers had a remedy under Illinois Blue Sky Law as legislature originally had enacted subsection (h) precluding implied remedies but then repealed it).

Further, Kentucky intended its blue sky law to be coordinated with federal securities acts. Section 292.530 provides that the blue sky law "shall be so construed as to effectuate its general purpose to make uniform the law of those states which enact it and to coordinate the interpretation and administration of this chapter with the related federal regulation." By itself this section would not necessarily imply a remedy for defrauded sellers merely because federal law implies one as U.S.A. also contains such language and U.S.A. expressly prohibits the implication of an implied remedy for defrauded sellers.[3] However, combined with the failure to enact § 410(h) of U.S.A., this section is persuasive evidence that the Kentucky legislature intended to allow implied remedies under its blue sky law to match those under rule 10b–5.

Kentucky case law, while not specifically addressing this point, is not adverse to implied remedies. Before Kentucky passed its present blue sky law based upon U.S.A., two cases came before Kentucky's highest court in which plaintiffs had argued the blue sky law then existing applied only where the seller of a security had failed to comply with the requirements of the Act and did not apply to complaints in which plaintiffs alleged they were induced to purchase securities by fraud and misrepresentation. Those plaintiffs argued that the statute of limitations provided in the blue sky law did not apply to pre–existing common law remedies for claims based on fraud but only applied to the new remedies created in the Act. The Kentucky court disagreed. It held that since the blue sky law also gave a remedy to defrauded purchasers, the statute of limitations in the blue sky law barred plaintiffs' claims. *See First State Bank of Pineville v. Slusher*, 267 Ky. 190, 101 S.W.2d 661 (1937); *Thomas v. Fidelity & Casualty Co. of N. Y.*, 258 Ky. 360, 80 S.W.2d 8 (1935). In *Slusher*, the Kentucky court also rejected the argument that the blue sky statute of limitations for damages did not apply to a suit for rescission in equity.

The Kentucky Supreme Court considered its current blue sky law in *City of Owensboro v. First U. S. Corp.*, 534 S.W.2d 789 (Ky.1975). A defrauded purchaser's claim under Kentucky law was dismissed as time–barred under § 292.480(3). The court said that the Kentucky Blue Sky Law had been judicially construed to afford a remedy to a purchaser induced by misrepresentation to buy securities and that the proper statute of limitations was the one in the blue sky law. The revisions in 1960 and 1972 were not intended to change the result in *Slusher*. Indeed, the new law now expressly gave a civil remedy to a defrauded purchaser in § 292.480(1). The court held that the blue sky law was meant to be the exclusive remedy; some of the inhibiting structures of the law of misrepresentation were relaxed and the price enacted was the shortened limitations period. 534 S.W.2d at 791.

Appellees seek to distinguish defrauded sellers from defrauded buyers. True, the language of § 292.480(1) only expressly applied to defrauded purchasers. The drafters of U.S.A. explicitly recognized and warned against the likelihood of implied remedies similar to those implied under rule 10b–5 unless § 410(h) was enacted to prevent implied remedies. The Kentucky legislature could easily have enacted § 410(h) of U.S.A. to avoid implied remedies, but it did not do so. Appellees argue that defrauded sellers would have less opportunity to discover the fraud after the sale than defrauded purchasers as the sellers would no longer be connected with the corporation and would not receive any information from the corporation. This argument assumes that the owner of the shares would

---

**3.** The fact that the drafters of the U.S.A. felt it necessary to expressly prohibit an implied cause of action is a recognition of the broad acceptance of the implied cause of action.

be likely to receive information from the corporation that would indicate fraud or misrepresentations, which is doubtful. Assuming that the share owner would be likely to receive helpful information, the defrauded seller would have been receiving information before he sold and would probably be in as good a position to detect fraud at the time of sale as the buyer would be after the sale. To the extent the misrepresentations become evident through independent sources of information, neither buyer nor seller is in a better position to detect fraud. The purpose of the blue sky law "is to protect the public from fraud, deceit, and imposition in the sale of securities". *Thomas, supra*, 258 Ky. at 364, 80 S.W.2d at 9. A person does not by merely buying a share of stock become more sophisticated, informed, less in need of protection, or more likely to discover fraud when he turns around to sell that share of stock. We hold that Kentucky would imply a remedy for defrauded sellers under § 292.320(1) which prohibits any misrepresentation or omission of a material fact in connection with the sale or purchase of securities.[4]

■ Appellees argue that even if a remedy for defrauded sellers may be implied under § 292.320(1), the three year statute of limitations in § 292.480(3) would not apply as § 292.480(3) applies only to civil remedies created by "this section", that is, § 292.480. They argue an implied remedy under § 292.320(1) is not a remedy created by § 292.480. However, Kentucky does not limit the application of the statute of limitations in § 292.480(3) to civil actions created by § 292.480(1). In *Owensboro, supra*, the Kentucky Supreme Court applied § 292.480(3) to a federal securities claim under § 17(a) of the 1933 Act which it held to be similar to § 292.320. It found that the blue sky limitation was "the most appropriate state statute applicable" to the claim. It would be anomalous to have one statute of limitations for sellers and another for purchasers. Thus, we conclude that the defrauded sellers' implied remedy under Kentucky's Blue Sky Law is limited by the three year statute of limitations in § 292.-480(3).

## II.

■ We now must consider which statute of limitations should apply to a federal securities claim under § 10(b) and rule 10b–5 by determining whether the implied remedy under Kentucky's Blue Sky Law or the common law fraud cause of action more nearly resembles the federal cause of action. This Court has previously chosen the statute of limitations applied to common law fraud actions when considering Michigan and Ohio statutes. In each instance it made a careful examination of the state's law. Because the law of Kentucky differs

---

4. Our colleague in dissent does not agree that Kentucky would imply a remedy for defrauded sellers under § 292.320(1), relying in part upon *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), and progeny. However, we feel that reliance is misplaced. *Cort* and progeny dealt with an issue not present in the present case—that is, whether or not a federal cause of action may be implied from a federal statute. As the federal government is theoretically one of limited powers rather than one with general police powers, a court implying a federal right must be certain that a federal remedy was intended by the legislature rather than leaving the plaintiff to his common law and statutory remedies available in the state courts. Here, this Court need not decide whether or not a federal remedy should be implied—the Supreme Court has already recognized that there is an implied remedy for defrauded sellers under § 10(b) of the 1934 Act. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 196, 96 S.Ct. 1375, 1382, 47 L.Ed.2d 668 (1976); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 95 S.Ct. 1917, 44 L.Ed.2d 539 (1975). Rather, the issue before this Court is whether or not Kentucky would imply a state cause of action under its state statute which is similar to the federal cause of action. The first and fourth factor to which *Cort* points—whether or not the statute creates a federal right in favor of the plaintiff and whether or not the cause of action is one traditionally relegated to state law (see note 1 of Judge Jones' dissent)—clearly are not applicable. The second and third factors—what was the legislative intent and what is the legislative purpose—are logical questions to ask whether the court is implying a state cause of action or implying a federal cause of action. To that extent, Kentucky would probably follow *Cort* in determining whether or not a private action existed under § 292.320(1) as, indeed, we have.

from that of Michigan and Ohio, those cases are distinguishable.

In *Charney, supra,* this Court used the limitations period for common law fraud even though a fraud action was not identical to a rule 10b–5 action because Michigan had no provision similar to § 10(b). After that case was decided, Michigan repealed its blue sky law and adopted the U.S.A. This Court again considered the limitations question in *IDS Progressive Fund, Inc. v. First of Michigan Corp.,* 533 F.2d 340 (6th Cir. 1976). The Court continued to apply the common law fraud limitations period. It held Michigan still had no provision similar to § 10(b), as § 101 of U.S.A. enacted by Michigan was exclusively a criminal statute. Significantly, Michigan had also enacted § 410(h) of U.S.A. precluding any implied remedies other than those in § 410. The Court did not feel it had a sufficiently compelling reason to change the period applicable to federal securities claims in Michigan.

The Court used the same rationale in *Nickels v. Koehler Management Corp.,* 541 F.2d 611 (6th Cir. 1976), *cert. denied,* 429 U.S. 1074, 97 S.Ct. 813, 50 L.Ed.2d 792 (1977), followed in *Gaudin, supra.* An earlier case, *Connelly v. Balkwill,* 279 F.2d 685 (6th Cir. 1960), had applied without discussion Ohio's four year statute of limitations for fraud actions to a federal securities claim rather than the general six year statute of limitations. The limitations period of the blue sky statute was not raised in *Connelly.* Ohio also had a section similar to § 410(h) of U.S.A. The Court in ˙ *Nickels* concluded both common law fraud and blue sky remedies were similar to a rule 10b–5 claim and held that common law fraud was sufficiently similar to rule 10b–5 claims to continue using the common law fraud limitations period. To change the statute of limitations for federal 10b–5 claims would increase uncertainty. In addition, *see United California Bank v. Salik,* 481 F.2d 1012, 1015 (9th Cir.) *cert. denied,* 414 U.S. 1004, 94 S.Ct. 361, 38 L.Ed.2d 240 (1973); *but see Fox v. Kane–Miller Corp.,* 542 F.2d 915 (4th Cir. 1976).

The present case does not involve a state blue sky law which precludes implied remedies similar to those implied under rule 10b–5. Rather, as we have held, it would permit such a remedy. Nor has this Court previously ruled on the appropriate statute of limitations to be applied in Kentucky. Thus, we are not limited in our choice by a desire to avoid increasing uncertainty.

Other circuits have chosen common law fraud limitations periods over blue sky limitations periods. *See McNeal v. Paine, Webber, Jackson & Curtis, Inc.,* 598 F.2d 888 (5th Cir. 1979); *Clegg v. Conk,* 507 F.2d 1351 (10th Cir. 1974), *cert. denied,* 422 U.S. 1007, 95 S.Ct. 2628, 45 L.Ed.2d 669 (1975); *Salik, supra.* However, *Salik* applied the common law fraud limitations period because that period had been applied before California enacted its blue sky law and the Court did not want to change the federal statute of limitations every time the state changed its law. *McNeal* used the common law fraud limitations period because Georgia's Blue Sky Law was limited to an action for rescission and did not allow recovery for damages.

The majority of circuits have applied blue sky law limitation periods rather than limitation periods for fraud actions to rule 10b–5 claims. *See Morris v. Stifel, Nicolaus & Co., Inc.,* 600 F.2d 139 (8th Cir. 1979); *Forrestal Village, Inc. v. Graham,* 551 F.2d 411, 179 U.S.App.D.C. 225 (D.C.Cir. 1977); *LaRosa Building Corp., supra; Fox, supra; Berry Petroleum Co. v. Adams & Peck,* 518 F.2d 402 (2d Cir. 1975); *Hudak v. Economic Research Analysts, Inc.,* 499 F.2d 996 (5th Cir. 1974), *cert. denied,* 419 U.S. 1122, 95 S.Ct. 805, 42 L.Ed.2d 821 (1975); *Parrent v. Midwest Rug Mills, Inc.,* 455 F.2d 123 (7th Cir. 1972); *Vanderboom, supra.* One court has applied the state blue sky law statute of limitations to a federal securities claim arising under § 17(a) of the 1933 Act. *See Newman v. Prior,* 518 F.2d 97 (4th Cir. 1975). Most of these cases involved defrauded purchasers, but *Fox* involved a defrauded seller. These courts relied upon the state blue sky laws because those laws had a common purpose with the federal

securities laws, similar defenses, or similar remedies.

The purpose of the federal securities laws is to substitute the philosophy of full disclosure for that of caveat emptor and thus to achieve a high standard of business ethics in the securities industry. *See Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 151, 92 S.Ct. 1456, 1471, 31 L.Ed.2d 741 (1972). Both rule 10b–5 and the Kentucky Blue Sky Law deal with fraud in the sale of securities, whether perpetrated by seller or buyer.

Actions based on securities fraud are distinguishable from general actions for fraud. Some of the inhibiting strictures of the law of misrepresentation are relaxed under the blue sky law. *See Hutto v. Bockweg*, 579 S.W.2d 382 (Ky.App.1979). To sue for misrepresentation, the plaintiff must prove that the misrepresentation was made with knowledge of its falsity or under circumstances that do not justify a belief in its truth and that the plaintiff relied upon the misrepresentation to his detriment. *See Keck v. Wacker*, 413 F.Supp. 1377, 1383 (E.D.Ky.1976); *Jo'Lee, Inc. v. Francke*, 531 S.W.2d 711 (Ky.1976); *Sanford Construction Co. v. S & H Contractors, Inc.*, 443 S.W.2d 227, 231 (Ky.1969). The blue sky act does not require the plaintiff to prove scienter—rather the defendant must prove he did not know or could not have reasonably known of the untruth or omission, *see Owensboro, supra*, 534 S.W.2d at 791, nor does it require proof of reliance upon the misrepresentation. Ky.Rev.Stat.Ann. § 292.480(1). One may sue for rescission under the common law of fraud, *see Keck, supra*, or for actual damages sustained, *see Jo'Lee, supra; Sanford, supra*, 443 S.W.2d at 236–37, 239. Under the blue sky law, a buyer may sue for the consideration paid upon tender of the securities. The buyer may only sue for damages if he no longer owns the security, to be measured by the amount that would have been available upon tender less the value of the security when the buyer disposed of them. Ky.Rev. Stat.Ann. § 292.480(1).

A plaintiff bringing a suit under § 10(b) and rule 10b–5 does not have to prove he relied upon omissions of material fact. *See Affiliated Ute Citizens, supra*, 406 U.S. at 152–54, 92 S.Ct. at 1471. However, he does have to prove scienter—mere negligence is not enough. *See Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 96 S.Ct. 1375, 47 L.Ed.2d 668 (1976). The Supreme Court left open the question whether proving recklessness would satisfy the scienter requirement. *See* 425 U.S. at 194 n.12, 96 S.Ct. at 1381 n.12. Damages for defrauded sellers are determined by the difference from the fair value of what was received and what would have been received had there been no fraud. *See Affiliated Ute Citizens, supra*, 406 U.S. at 155, 92 S.Ct. at 1473.

Neither the Kentucky common law of fraud nor the blue sky law is exactly like the rule 10b–5 action. The blue sky law has the same language and the same specific purpose; the common law of fraud has a similar defense of lack of scienter. Other courts have held that the commonality of purpose of the blue sky law weighed more than the common defense of lack of scienter of the common law action. *See Morris, supra; Forrestal Village, Inc., supra; Berry Petroleum Co., supra*.

This Court has previously said that the broad remedial purposes of the federal securities laws are best served by longer, not shorter, statute of limitations. *See Nickels, supra*, 541 F.2d at 618; *IDS Progressive Fund, supra*, 533 F.2d at 344. In addition, *see Berry Petroleum Co., supra*, 518 F.2d at 409; *Salik, supra*, 481 F.2d at 1015. But the reason for using the longer statute of limitations for a federal securities claim is to give the person with a federal claim at least as long an opportunity to sue as a person with a state claim. *See Berry Petroleum Co., supra*, 518 F.2d at 409. The Kentucky Supreme Court has held that its blue sky law is the exclusive remedy for fraud in the sale of securities. *See Owensboro, supra*, 534 S.W.2d at 791. The strict requirements of misrepresentation have been relaxed and the price exacted is a shortened statute of limitations. *Id.* A

plaintiff is also relieved from proving all the elements of misrepresentation with his rule 10b–5 action; thus, it is reasonable to apply the shortened statute of limitations. Given that the language of § 292.320 is nearly identical with rule 10b–5, that both statutes have the same purpose, and that neither requires the plaintiff to prove all that is required under common law of misrepresentation, we hold that the proper statute of limitations is the three year statute of limitations in Kentucky's Blue Sky Law, § 292.480(3), and appellees' claims under § 10(b) of the 1934 Act and rule 10b–5 are therefore time–barred. The decision of the District Court is reversed and the cause remanded for proceedings consistent with this opinion.

NATHANIEL R. JONES, Circuit Judge, dissenting.

Because I believe the language of Kentucky's "Blue Sky" Statute evinces an unambiguous legislative intent to deny a private cause of action to defrauded sellers of securities and because precedent in this Circuit establishes our policy in favor of longer, not shorter, statute of limitations in securities fraud cases, I respectfully dissent.

## I.

Plaintiffs allege fraud in the sale of their securities in violation of §§ 10(b) and 14(e), of the Securities Exchange Act of 1934, 15 U.S.C. § 78 et seq., 78j(b) and 78n(e). The applicable statute of limitations period for plaintiffs' claims of fraud is the Kentucky statute of limitations for the state action which most closely resembles the federal claims and which best effectuates federal policy. *Nickels v. Koehler Management Corp.*, 541 F.2d 611, 612, 615 (6th Cir. 1976).

Kentucky's "Blue Sky" Statute, Ky.Rev. Stat.Ann. § 292.310 et seq., applies a three year limitations period to state law claims of securities fraud, however the statute does not provide a cause of action to defrauded sellers of securities. Clearly, as the majority asserts, a state statute that denies these plaintiffs a claim for relief cannot be characterized as closely resembling their federal claims or as effectuating federal policy. Alternatively, plaintiffs have a claim for relief in common law fraud. The applicable statute of limitations is five years. Rather than apply this five year statute of limitations to plaintiffs' federal securities law claim, the majority puts on its legislative robes, and, in violation of the most basic principles of statutory construction and established precedent in this Circuit, creates an implied cause of action for defrauded sellers of securities under Kentucky's "Blue Sky" statute.

## II.

The threshold question in this case is whether to imply a cause of action for defrauded sellers of securities under the anti–fraud section of Kentucky's "Blue Sky" statute, § 292.320(1), so that it may be construed to closely resemble federal claims and effectuate federal policy. Kentucky jurisprudence has not specifically addressed the question of implied causes of action in statutes. However, implying of a cause of action in a statute is a task of statutory construction. To decide the question presented, Kentucky courts would apply basic principles of statutory construction and would reason from the criteria federal courts follow to imply causes of action in federal statutes.[1]

1. See *Touche Ross & Co. v. Redington*, 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979); *United States v. Naftalin*, 441 U.S. 768, 99 S.Ct. 2077, 60 L.Ed.2d 624 (1979); *Cannon v. University of Chicago*, 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979); *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975); and *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 94 S.Ct. 690, 38 L.Ed.2d 646 (1974). The majority opinion does not acknowledge or discuss these recent decisions.

In *Cort*, the Supreme Court established the following oft–cited four–prong inquiry to guide judicial decisions to imply private causes of action in federal statutes:

In determining whether a private remedy is implicit in a statute not expressly providing one, several factors are relevant. First, is the plaintiff "one of the class for whose *especial* benefit the statute was enacted," *Texas &*

The majority's holding is premised upon the Kentucky legislature's: (1) failure to enact a clause proscribing the implication of a private cause of action for defrauded sellers; and (2) enactment of a guide to courts to interpret the "Blue Sky" statute consistent with the federal securities acts and decisions of other state courts.

The majority's reliance on the Kentucky legislature's failure to enact language prohibiting judicial creation of a private cause of action is misplaced. First, the primary principle of statutory construction is that legislative intent is ascertained from the words of the statute, rather than judicial surmising of what may have been intended but not expressed. Although § 292.320 of Kentucky's "Blue Sky" statute prohibits fraud in the purchase or sale of securities, section 292.480 of the statute sets forth an express private cause of action to enforce the anti–fraud provisions which is explicitly limited to defrauded purchasers. As articulated in the seminal decision of *Cort v. Ash*, 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975):

> In situations in which it is clear that federal law has granted a class of persons

certain rights, it is not necessary to show an intention to *create* a private cause of action, although an explicit purpose to *deny* such a cause of action would be controlling.

Id. at 82, 95 S.Ct. at 2090 (emphasis in original). In *Cort* the Supreme Court reaffirmed its earlier holding in *National Railroad Passenger Corp. v. National Association of Railroad Passengers*, 414 U.S. 453, 456, 94 S.Ct. 690, 692, 38 L.Ed.2d 646 (1974); ("*Amtrak*"), that the enactment of an express private cause of action explicitly limited in scope is evidence of a purpose to deny any other cause of action.[2] This frequently stated principle, derived from the ancient maxim—*expressio unius exclusio alterius*, is not alien to Kentucky law. *See Wade v. Commonwealth*, 303 S.W.2d 905 (Ky.1957).

The application of this well settled principle to this case militates against judicial creation of a cause of action for defrauded sellers under the general anti–fraud clause of Kentucky's "Blue Sky" Statute. The language of the statute is clear and unambiguous. Where the express civil cause of action is, by its terms, limited to defrauded

*Pacific R. Co. v. Rigsby*, 241 U.S. 33, 39 [36 S.Ct. 482, 60 L.Ed. 874] (1916) (emphasis supplied)—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? See, *e. g.*, *National Railroad Passenger Corp. v. National Assn. of Railroad Passengers*, 414 U.S. 453, 458, 460 [94 S.Ct. 690, 693, 694, 38 L.Ed.2d 646] (1974) (*Amtrak*). Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? See, *e. g.*, *Amtrak, supra; Securities Investor Protection Corp. v. Barbour*, 421 U.S. 412, 423 [95 S.Ct. 1733, 1740, 44 L.Ed.2d 138] (1975); *Calhoon v. Harvey*, 379 U.S. 134 [85 S.Ct. 292, 13 L.Ed.2d 190] (1964). And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law? See *Wheeldin v. Wheeler*, 373 U.S. 647, 652 [83 S.Ct. 1441, 1445, 10 L.Ed.2d 605] (1963), cf. *J. I. Case Co. v. Borak*, 377 U.S. 426, 434 [84 S.Ct. 1555, 1560, 12 L.Ed.2d 423] (1964); *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388, 394–395 [91 S.Ct. 1999, 2003–2004,

29 L.Ed.2d 619] (1971); *id.*, at 400, 91 S.Ct. at 2006 (Harlan, J., concurring in judgment). 422 U.S. at 78, 95 S.Ct. at 2088.

For an excellent analysis of precedent in this area, see Steinburg, *Implied Private Rights of Action Under Federal Law*, 55 The Notre Dame Lawyer 33 (1979).

**2.** Unfortunately, the majority's footnote four mischaracterizes my use of *Cort* and its progeny. I do not hold that those decisions are precedent governing the issue of whether to imply a cause of action for defrauded sellers pursuant to Kentucky's Blue Sky Statute. Rather, in the absence of a Kentucky jurisprudence specifically addressed to the question of judicially implied causes of action, I conclude that Kentucky would find guidance in the "criteria federal courts follow to imply causes of action in federal statutes."

According to the majority, my "reliance" on *Cort* is misplaced because the State legislature possesses general police powers and the state courts make available common law and statutory remedies. It is ironic that the common law remedies of recission, restitution and fraud are the very reasons cited by the drafters of the Uniform Securities Act to purposefully deny to defrauded sellers a state statutory remedy.

purchasers, I am extremely reluctant to imply a cause of action significantly broader than the remedy chosen by the legislature. Indeed, as stated by the Kentucky Supreme Court in *Thomas v. Fidelity & Casualty Co. of New York*, 258 Ky. 360, 80 S.W.2d 8 (1935):

> The legislature has ample power, if it sees fit, [to promulgate *additional* causes of action under its Blue Sky Statute.] It is the sole judge in such matters, and where, as in the instant case, it has spoken in plain and unmistakable language, the courts are without authority to engraft an exception upon the statute.

*Id.* at 10 (emphasis added).

Second, the legislative history cited by the majority is not clearly contrary to my textual analysis of the statute.[3] A preliminary draft of the statute contained a clause prohibiting judicial creation of private causes of action. The majority relies heavily upon the Kentucky legislature's failure to enact this provision. The "legislative history" cited by the majority is not a recitation of the Kentucky legislature's deliberations concerning enactment of its "Blue Sky" statute. Rather, the legislative history is the draftsman's commentary to a proposed Uniform Securities Act drafted under the auspices of the National Commission of State Commissioners on Uniform State Laws. Whether the clause in question was a part of the legislation submitted to the legislature and subsequently deleted by passage of an amendment is uncertain. However, at least as important to an understanding of legislative intent as the possible amending of proposed legislation is the draftsman's commentary explaining the reason for not providing a civil cause of action to defrauded sellers:

> Although the lower federal courts have uniformly implied a civil cause of action

against fraudulent buyers under the SEC rule, the federal courts when applying federal law do not have at their disposal all of the common–law and equitable remedies of deceit and recission which are available to the state courts without benefit of statute . . .

Loss, *Commentary on the Uniform Securities Act* § 101, at 8 (1976). *See also Id.* at § 410(a), p. 147. Before implying a cause of action for defrauded sellers, there ought to be an articulation of the inadequacies of the intended remedies available to defrauded sellers.

I conclude from my examination of the statute and its legislative history that there is a legislative intent to deny a cause of action to defrauded sellers of securities.[4]

The majority also relies upon a policy statement in Kentucky's "Blue Sky" statute that courts ought to interpret the statute consistent with the federal securities statutes and state court decisions construing sister states' "Blue Sky" statutes, Ky.Rev. Stat.Ann. § 292.530. Causes of action have been judicially implied pursuant to the general anti–fraud provision of the federal securities act. However, the federal judiciary's role in creating causes of action under federal securities statutes is distinguishable. The above cited commentary to the Uniform Securities Code explains that federal courts are without the traditional arsenal of state law causes of action and remedies to prevent fraud in securities transactions. In addition, the anti–fraud provision of the federal securities act did not provide an explicit cause of action limited to particular parties.[5]

### III.

Assuming *arguendo* that neither the language enacted nor the legislative history offer definitive guidance, it is proper to

---

**3.** As stated in *Amtrak*, "even the most basic general principles of statutory construction must yield to clear contrary evidence of legislative intent." 414 U.S. at 458, 94 S.Ct. at 693.

**4.** This case, therefore, is clearly distinguishable from *Cannon*, wherein Justice Stevens, writing for the majority, stated:

> [L]egislative history of a statute that does not expressly create or deny a private remedy

will typically be silent or ambiguous on the question . . . But this is not the typical case. Far from evidencing any purpose to *deny* a private cause of action, the history of Title IX [20 U.S.C. § 1681] plainly indicates that Congress intended to create such a remedy. 99 S.Ct. at 1956 (emphasis in original).

**5.** *See J. I. Case v. Borak*, 377 U.S. 426, 84 S.Ct. 1555, 12 L.Ed.2d 423 (1964).

consider what may be described as policy considerations. *Blue Chip Stamps v. Manor Drugs Stores*, 421 U.S. 723, 737, 95 S.Ct. 1917, 1926, 44 L.Ed.2d 539 (1975).

Three cases in this Circuit have considered the choice of one of several state statutes of limitations to federal securities claims. *Nickels v. Koehler Management Corp.*, 541 F.2d 611 (6th Cir. 1976) (construing Ohio law,) *I.D.S. Progressive Fund, Inc. v. First of Michigan Corp.*, 533 F.2d 340 (6th Cir. 1976), (construing Michigan law), and *Charney v. Thomas*, 372 F.2d 97 (6th Cir. 1967) (construing Michigan law). The language of *I.D.S. Progressive Fund, Inc.* articulates the favored policy in this Circuit: "the broad remedial purposes of the federal securities law are best served by a longer not shorter statute of limitations." 533 F.2d at 344. The majority's opinion overrules the well established policy of our Circuit without any explanation of the inappropriateness of applying longer statutes of limitation to remedial statutes.

Accordingly, I would affirm the judgment of the district court and remand the case for proceedings consistent with my opinion.