Charles C. Brown, Jeffrey C. Brown, Salt Lake City, Utah, for plaintiffs.

David R. King, Salt Lake City, Utah, for defendants.

---

Mary MARCHESE, Frank Marchese, Rosemary Marchese Klay, and Kent Minor, Plaintiffs,

v.

Karl NELSON, Main Street Securities, Inc., and Equity One, Inc., Defendants.

Civ. No. 88–C–0614A.

United States District Court, D. Utah, C.D.

Nov. 30, 1988.

ALDON J. ANDERSON, Senior District Judge.

## INTRODUCTION

Plaintiffs have filed an action against the defendants alleging various misrepresentations and omissions of material fact in connection with purchases of securities from the defendants in August 1984 and February 1985. The allegations include claims under Section 10(b) of the Securities Exchange Act of 1934 and various pendent state law claims. Although the purchases of securities were made in late 1984 and early 1985, plaintiffs allege that they were unable to ascertain the true nature of their accounts and investments and the need to take action against the defendants until August 28, 1985.

Defendant Main Street Securities, Inc., ("Main Street") has filed a motion to dismiss plaintiffs' Complaint on the basis that plaintiffs' claims are time-barred by the applicable statute of limitations. Main

Street admits that federal securities cases alleging violations of Section 10(b) and Rule 10b–5 in Utah have been governed by the three-year limitations period found in Utah Code Annotated (U.C.A.) § 78–12–26(3), and that the limitations period does not begin to run until the aggrieved party discovers the facts constituting the fraud or mistake. However, Main Street urges this court, as a result of recent Supreme Court decisions and a 1988 Third Circuit case construing those decisions, to adopt a new limitations period to govern federal securities cases, i.e. one year from the discovery of the fact constituting a violation, but in no event more than three years after the violation. If this court adopted the proposed limitations period, then plaintiffs complaint would be time-barred since it was filed more than one year after the discovery of the alleged violations and more than three years after the violations occurred.

Plaintiffs argue that their complaint should not be dismissed because federal courts, including the Tenth Circuit, have uniformly applied state statutes of limitation to federal securities actions brought under Section 10(b). Hence, plaintiff's complaint is timely since the applicable limitations period that a federal court sitting in Utah should apply in Section 10(b) and Rule 10b–5 claims is three years from the discovery of the alleged fraud or mistake. Plaintiff further argues that Main Street offers no compelling reason for this court to impose a different limitations period, and that any conflict among the circuits regarding the applicable limitations period is better left for resolution by the U.S. Supreme Court.

### DISCUSSION

Defendant Main Street first argues that the Supreme Court has recently suggested that, in cases involving federal law where no statute of limitations has been directly specified, the limitations period be borrowed from an analogous federal statute when the federal statute provides a clearly closer analogy than available state law. Defendant points to the cases of *DelCostello v. International Brotherhood of Teamsters,* 462 U.S. 151, 171–72, 103 S.Ct. 2281, 2294–95, 76 L.Ed.2d 476 (1983) and *Agency Holding Corp. v. Malley–Duff and Associates, Inc.,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) where the Supreme Court determined that:

> resort to state law remains the norm for borrowing of limitations periods. Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make the rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.

*DelCostello,* 462 U.S. at 171–72, 103 S.Ct. at 2294; *Malley–Duff,* 107 S.Ct. at 2763.[1]

Main Street next points to the decision of *In re Data Access Systems Securities Litigation,* 843 F.2d 1537 (3d Cir.) *cert. den.* —— U.S. ——, 109 S.Ct. 131, 102 L.Ed.2d 103 (1988), where a Third Circuit en banc panel reconsidered the applicable statute of limitations in Section 10(b) and Rule 10b–5 cases in light of *DelCostello* and *Malley–Duff. Id.* at 1537–1538. The en banc court reasoned that express private rights of action in the Exchange Act of 1934 were more analogous to the implied rights of action in the Exchange Act than limitations periods available under state law. *Id.* at 1550. Therefore, it held that the statute of limitations in the express private rights of action (one year from discovery/no later than three years from alleged violation) should apply to the implied right of action under Section 10(b) and Rule 10b–5, rejecting its earlier decisions that applied state limitations statutes to 10(b) and 10b–5 actions. *Id.*

Although *Data Access* appears well-reasoned and, if adopted by most circuits, would indeed promote uniformity in the time period to bring a federal securities actions, it is the first decision of any feder-

---

1. Neither of these cases involved securities claims; *DelCostello* was an action brought under the National Labor Relations Act, while *Malley–Duff* was a RICO case.

al court that has varied from the general rule applying statute limitations statutes to Section 10(b) and Rule 10b–5 cases. The decision has been criticized by at least one other circuit court. *See Durham v. Business Management Associates,* 847 F.2d 1505, 1508 (11th Cir.1988).

With the exception of *Data Access,* federal courts, including the Tenth Circuit, have uniformly applied state limitations statutes to cases concerning analogous federal rights where no federal statute of limitations existed. *FDIC v. Palermo,* 815 F.2d 1329 (10th Cir.1987); *DelCostello,* 462 U.S. at 158, 103 S.Ct. at 2287. In *DelCostello,* the Supreme Court noted that "[a]s is often the case in federal civil law, there is no federal statute of limitations expressly applicable to this suit.... We have generally concluded that Congress intended that the court apply the most closely analogous statute of limitations under state law." *Id.*

It is well-settled that federal courts sitting in Utah are required to apply the three year limitation found in U.C.A. § 78–12–26(3) to federal securities cases brought under Section 10(b) or Rule 10b–5. *Loveridge v. Dreagoux,* 678 F.2d 870, 874 (10th Cir.1982); *Clegg v. Conk,* 507 F.2d 1351, 1353 (10th Cir.1974) *cert. den.* 422 U.S. 1007, 95 S.Ct. 2628, 45 L.Ed.2d 669 (1975); *Richardson v. MacArthur,* 451 F.2d 35, 39 (10th Cir.1971); *Mitchell v. Texas Gulf Sulphur Company,* 446 F.2d 90, 103–04 (10th Cir.1971) *cert. den.* 404 U.S. 1004, 92 S.Ct. 564, 30 L.Ed.2d 558 (1972); *Brown v. Producers Livestock Loan Co.,* 469 F.Supp. 27, 30 (D.Utah 1978).

Utah is not alone in applying state statutes of limitation in federal securities cases. Courts in eleven of the twelve judicial circuits currently apply state limitations statutes to actions brought under Section 10(b) or Rule 10b–5. *See e.g. General Builders Supply Co. v. River Hill Coal Venture,* 796 F.2d 8, 11 n. 3 (1st Cir.1986); *IIT, an Intern. Inv. Trust v. Cornfeld,* 619 F.2d 909, 928 (2d Cir.1980); *Gurley v. Documation Inc.,* 674 F.2d 253, 258–59 (4th Cir.1982); *Wood v. Combustion Engineering, Inc.,* 643 F.2d 339, 342 (5th Cir.1981);

*Carothers v. Rice,* 633 F.2d 7, 12–13 (6th Cir.1980) *cert. den.* 450 U.S. 998, 101 S.Ct. 1702, 68 L.Ed.2d 199 (1981); *Parrent v. Midwest Rug Mills, Inc.,* 455 F.2d 123, 128 (7th Cir.1972); *Morris v. Stifel, Nicolaus & Co., Inc.,* 600 F.2d 139, 140 (8th Cir.1979); *Semegen v. Weidner,* 780 F.2d 727, 733 (9th Cir.1985); *Durham v. Business Management Associates,* 847 F.2d 1505, 1508 (11th Cir.1988); *Forrestal Village, Inc. v. Graham,* 551 F.2d 411, 413 (D.C.Cir. 1977). In fact, research has revealed no decision, with the exception of *Data Access,* where a federal court has not applied a state limitations statute to a Section 10(b) or Rule 10b–5 action.

With this virtual unanimity of opinion, this court will not *sua sponte* deviate from the practice of the Tenth Circuit and federal bench based on a recent decision by the Third Circuit. If, in some future time, the Tenth Circuit modifies its rule with respect to limitations periods applicable to Section 10(b) and Rule 10b–5 actions, this new course will be unhesitatingly followed. Until then, this court is obligated to apply U.C.A. § 78–12–26(3) in Section 10(b) and Rule 10b–5 cases arising in Utah and must deny defendant Main Street's Motion to Dismiss.