542 F.2d 915
 Frederick B. FOX and Naomi Ruth Fox, Personal Representative
of the Estate of Benjamin Fox, Appellants,
v.
KANE-MILLER CORPORATION et al., Appellees.
Frederick B. FOX and Naomi Ruth Fox, Personal Representative
of the Estate of Benjamin Fox, Appellees,
v.
KANE-MILLER CORPORATION et al., Appellants.
 Nos. 75-1853, 75-1854.
 United States Court of Appeals,
Fourth Circuit.
 Argued March 1, 1976.
Decided Oct. 7, 1976.
 
 Alfred H. Kreckman, Jr., Baltimore, Md. (John J. Ghinger, Jr., Weinberg & Green, Baltimore, Md., on brief), for appellants in 75-1853 and appellees in 75-1854.
 Richard L. Bond, New York City (Charles H. Miller, Daniel S. Greenfield, Marshall, Bratter, Greene, Allison & Tucker, New York City, and Sherbow, Shea & Doyle, Baltimore, Md., on brief), for appellants in 75-1854 and appellees in 75-1853.
 Before BUTZNER, Circuit Judge, FIELD, Senior Circuit Judge, and WIDENER, Circuit Judge.
 FIELD, Senior Circuit Judge.
 
 
 1
 This action arises out of Kane-Miller's acquisition of the outstanding stock of three companies owned by the plaintiffs, Frederick B. Fox and Benjamin Fox. The Foxes claim that during the period of negotiations, from February, 1969, until June 3, 1969,[1] Kane-Miller failed to disclose that there were substantial changes in its financial condition resulting from the acquisition of certain other companies. In their complaint which was filed on June 2, 1971, the Foxes asserted their entitlement to recovery of damages under both the federal and Maryland securities statutes, as well as common law fraud and breach of contractual warranty. Following pretrial proceedings, the case was submitted to a jury upon three of the plaintiffs' claims: (1) Section 12(2) of the Securities Act of 1933, 15 U.S.C. § 77l (2); (2) Section 10(b) of the Securities Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5; and (3) common law fraud. The court also submitted to the jury the issue arising upon the defendants' counterclaim,[2] and following a lengthy trial, fifty-two questions were submitted to the jury pursuant to Rule 49(a) of the Federal Rules of Civil Procedure. The district judge filed a written opinion in which he analyzed the jury's answers in the light of the relevant law and entered judgment in favor of the plaintiffs based upon the claims under Rule 10b-5 and common law fraud.[3] Both sides have filed appeals from the judgment of the district court.
 
 
 2
 With respect to the plaintiffs' claim under Section 12(2) of the 1933 Act, the district court held that any relief was barred by Section 13 of the Act[4] which provides in pertinent part:
 
 
 3
 "No action shall be maintained to enforce any liability created under section (12(2)) unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence * * *."
 
 
 4
 On this point the court relied upon our decision in Johns Hopkins University v. Hutton, 422 F.2d 1124, 1131 (1970), wherein we stated that "the one-year limitation of Section 13 does not depend wholly on the subjective judgment of the buyer. Instead it must be tested by the objective standard of reasonable diligence on the part of the buyer in making discovery." The district court reached its conclusion despite the fact that the jury in its answers to the special questions had found that the Foxes neither knew nor, by the exercise of reasonable diligence or care, should have known of the untruths or omissions complained of prior to June 3, 1970. The district judge found the jury's answers to be totally without support in the record, stating "not only did plaintiffs fail to establish by a preponderance of the evidence that they should not have so known, but defendants established the contrary by clear and convincing evidence if not beyond a reasonable doubt."[5] Our examination of the record persuades us that the evidence on this issue, which was carefully reviewed by the district court in its opinion,[6] provides ample support for its conclusion.
 
 
 5
 The defendants urge upon us that the Rule 10b-5 claim was also time-barred, and that the district court erred in its choice of the period of limitation. On this issue the district court recognized the well-settled principle that the timeliness of an action under the federal securities laws is to be determined by reference to the appropriate state statute of limitations, see Holmberg v. Armbrecht, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946); Newman v. Prior, 518 F.2d 97 (4 Cir. 1975), and in seeking the appropriate period of limitations referred to two prior decisions in the District of Maryland. In Baumel v. Rosen, 283 F.Supp. 128 (1968), modified 412 F.2d 571 (4 Cir. 1969), the litigation involved transactions which occurred in the year 1959, and suit was filed in 1962. Judge Winter, sitting by designation, applied the three year period of limitations for actions based on common law fraud under 5 Ann.Code of Md., art. 57, § 1. On June 1, 1962, the Maryland Securities Act[7] became effective. Section 34(e) of that Act contained a two year statute of limitations and in Batchelor v. Legg, 52 F.R.D. 553 (D.Md.1971), Judge Harvey applied the two year limitation to a Rule 10b-5 action.
 
 
 6
 Section 34 of the Maryland Securities Act was amended in 1968 to provide, in pertinent part, that securities actions could not be maintained "unless brought within one year after the discovery of the untrue statement or omission, or after such discovery should have been made by the exercise of reasonable diligence * * *."[8] Since the events in the present action occurred subsequent to the effective date of the 1968 Amendment the district judge conceded that under the rationale of Batchelor, supra, as well as cases from three other circuits,[9] the applicable limitations period on the plaintiffs' 10b-5 counts would be one year. However, he was of the opinion that "once a federal court has established a 10b-5 limitations period by looking to the then most analogous state cause of action, it would seem that a federal court should not, because of subsequent changes in state statutory law, move its own federal 10b-5 limitations period up and down like a yo-yo on a string."[10] Accordingly, the court held that the appropriate period of limitations was at least two years as adopted in Batchelor, and in view of the jury's determination that the Foxes neither knew or should have known of the defendants' omissions on or before June 3, 1969, the 10b-5 claim was not barred.
 
 
 7
 In reaching this conclusion the district judge relied upon Douglass v. Glenn E. Hinton Investments, Inc., 440 F.2d 912 (9 Cir. 1971). In our opinion, however, his reliance upon that case was ill-advised for the primary thrust of the decision was the court's rejection of a Washington statute governing the commencement of the period of limitations, a point which unquestionably is controlled by federal law. See Newman v. Prior, supra, at 100. At the time the district judge decided this point he did not have the benefit of our decision in Newman. In that case Judge Butzner, noting that Virginia's blue sky law proscribed the same conduct covered by the federal securities statute, stated that "federal policy is best served by applying the state blue sky law's * * * statute of limitations to a suit involving the fraudulent sale of securities."[11] He further noted that "Congress has not favored long limitations in private civil suits under the securities laws."[12] In the light of our decision in Newman we hold that the appropriate limitation on the plaintiffs 10b-5 claim was one year under the 1968 Amendment of the Maryland Securities Act.
 
 
 8
 The Maryland statute, as amended, contains language identical to the rule which has been adopted by the federal courts in securities cases under the 1934 Act that "(t)he statute does not begin to run until the fraud is either actually known or should have been discovered by the exercise of due diligence."[13] In view of the district court's conclusion, stated in the context of the 12(2) claim, that the plaintiffs had actual or constructive knowledge of the defendants' omissions on or before June 2, 1970, we agree with the defendants that the Rule 10b-5 claim was untimely and should have been dismissed.
 
 
 9
 Turning to the common law fraud count, although the jury found that the defendants had made no untrue statements of material fact to the plaintiffs during the negotiations, it did give an affirmative answer to the following question:
 
 
 10
 "Have plaintiffs established by clear and convincing evidence that a defendant, during the period commencing February 10, 1969 and ending June 3, 1969, omitted to make any statement of material fact in writing or orally to plaintiffs for the purpose of defrauding the plaintiffs?" (Question XXIV, App. 114).
 
 
 11
 The jury further found that the plaintiffs had acted in the belief that complete disclosure had been made, and would not have entered into the transaction had they known of such material omissions. The district court, finding that there was substantial evidence in the record to support the jury's answers, concluded that the plaintiffs were entitled to recover under the fraud claim.
 
 
 12
 Had the jury found a false representation rather than an omission, its findings would clearly establish common law fraud under Maryland law, Casale v. Dooner Laboratories, Inc., 503 F.2d 303, 306 (4 Cir. 1973); Canatella v. Davis, 264 Md. 190, 198, 286 A.2d 122, 126-27 (1972). The only question is whether, in Maryland, fraud may be based upon omissions as well as false representations. The district judge, relying upon observations made by the court in Fegeas v. Sherrill, 218 Md. 472, 147 A.2d 223, 225 (1958), was of the opinion that intentional concealment, as distinguished from non-disclosure, creates liability for fraud under Maryland law. In that case the court stated that although a cause of action cannot rest solely on nondisclosure, it can be based upon concealment which is "intentional and effective the hiding of a material fact with the attained object of creating or continuing a false impression as to that fact." 218 Md., at 476-477. We agree with the conclusion of the district court that liability for fraud may rest upon intentional concealment as well as affirmative misrepresentation, see Fowler v. Benton, 229 Md. 571, 185 A.2d 344 (1962); Levin v. Singer, 227 Md. 47, 64, 175 A.2d 423, 432 (1961), and this reading of Maryland law is in accord with traditional principles of common law fraud.[14]
 
 
 13
 While we conclude that recovery based upon Rule 10b-5 was improper in this case, since the jury found that the Foxes were directly damaged by the defendants' intentional concealment, the judgment in favor of the plaintiffs was appropriate under the fraud count.
 
 
 14
 We find no merit in the other issues raised by the parties on these appeals and, accordingly, the judgment of the district court is affirmed.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The agreement for the sale of stock was executed on May 13, 1969, and pursuant thereto the sale was closed and the stock delivered on June 3, 1969
 
 
 [2]
 As the result of a dispute between Kane-Miller and the Foxes relative to the alleged misstatement of inventories of the Fox companies, the parties entered into a settlement agreement on December 31, 1970. In its counterclaim Kane-Miller charged the Foxes with fraud incident to the settlement
 
 
 [3]
 Fox v. Kane-Miller Corp., 398 F.Supp. 609 (D.Md.1975)
 
 
 [4]
 15 U.S.C. § 77m
 
 
 [5]
 398 F.Supp., note 3 supra, at 629
 
 
 [6]
 See Id., at 626-629
 
 
 [7]
 3 Md.Ann.Code, art. 32A, §§ 13-44
 
 
 [8]
 3 Md.Ann.Code, art. 32A, § 34(e) (1971 repl. vol.)
 
 
 [9]
 Hudak v. Economic Research Analysts, Inc., 499 F.2d 966 (5 Cir. 1974); Parrent v. Midwest Rug Mills, Inc., 455 F.2d 123 (7 Cir. 1972); Vanderboom v. Sexton, 422 F.2d 1233 (8 Cir. 1970), cert. denied 400 U.S. 852, 91 S.Ct. 47, 27 L.Ed.2d 90 (1970)
 
 
 [10]
 398 F.Supp., note 3 supra, at 641
 
 
 [11]
 518 F.2d 97, 100
 
 
 [12]
 Id., at 100, n. 4
 
 
 [13]
 Id., at 100. See Vanderboom v. Sexton, 422 F.2d note 9, supra, at 1240
 
 
 [14]
 See Restatement of Torts § 550 (1938)