625 F.2d 15
 Blue Sky L. Rep. P 71,600, Fed. Sec. L. Rep. P 97,577
James Francis O'HARA, III, Michael Patrick O'Hara,
Individually and as guardians of the property of
Josephine M. O'Hara, Appellants,
v.
Irvin KOVENS, Marvin Mandel, W. Dale Hess, Harry W. Rodgers,
III, William A. Rodgers, Ernest N. Cory, Jr.,
Eugene B. Casey, Irving T. Schwartz, Appellees.
 No. 79-1524.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 5, 1980.
Decided July 16, 1980.
 
 James B. Wieland, William A. Snyder, Jr., Baltimore, Md. (John T. Ward, Ober, Grimes & Shriver, Baltimore, Md., on brief), for appellants.
 Gerard Martin, Baltimore, Md. (Arnold M. Weiner, William F. Gately, Baltimore, Md., William G. Hundley, Thomas C. Green, Washington, D. C., Gary M. Anderson, Laurel, Md., Charles W. Bills, Washington, D. C., H. Russell Smouse, Baltimore, Md., on brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and BUTZNER and PHILLIPS, Circuit Judges.
 HAYNSWORTH, Chief Judge:
 
 
 1
 Presented on this appeal is the civil counterpart to United States v. Mandel, 602 F.2d 653 (4th Cir.) (en banc), modifying and rev'g, 591 F.2d 1347 (4th Cir. 1979). Plaintiffs claim to be defrauded sellers of stock in the Marlboro Race Track. Suit is brought under the Securities Exchange Act of 1934, § 10(b), 15 U.S.C. § 78j(b), and rule 10b-5, 17 C.F.R. § 240.10b-5. Also charged is a violation of Maryland's blue sky law, Md. Corp. & Ass'ns Code Ann. § 11-703(a) (2) (Supp.1979), as well as common law fraud. The defendants, with two additions, are the same individuals who were indicted in the criminal proceeding.
 
 
 2
 The district court held that the bar of statute of limitations required dismissal of the § 10(b) claims. Since the federal claims were dismissed prior to trial, the pendent state claims were dismissed as well. See United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Plaintiffs contend that the district court relied upon the wrong statute of limitations and that, in any event, the incompetency of one of the plaintiffs tolled the running of the statute.
 
 
 3
 We affirm for reasons slightly different from those stated in the district court opinion. O'Hara v. Kovens, 473 F.Supp. 1161 (D.Md.1979).
 
 I.
 
 4
 Since a private right of action under § 10(b) is implied, the timeliness of a suit filed under that section is determined by reference to the forum state's law of limitations. Ernst & Ernst v. Hochfelder, 425 U.S. 185, 210 n. 29, 96 S.Ct. 1375, 1389, 47 L.Ed.2d 668 (1976); Holmberg v. Armbrecht, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946). Private actions under Maryland's blue sky law must be commenced within one year of a reasonable date of discovery. Md.Corp.& Ass'ns Code Ann. § 11-703(f). The district court relied upon this statute in dismissing the suit. The plaintiffs contend that the court should have looked to Maryland's three year statute of limitations which is applicable to civil actions without specified time limitations and, as a consequence, applicable to common law fraud. Md.Cts. & Jud.Proc. § 5-101. Under this section, suit would have been timely filed.[1]
 
 
 5
 The thrust of plaintiffs' argument is that this sellers' suit is more closely analogous to common law fraud than it is to any cause of action which was available under Maryland's blue sky law as of the date this cause of action accrued. Two differences between the state's blue sky law and the federal scheme are suggested. First, there appears to be no requirement of scienter under Maryland's blue sky statute, while Ernst & Ernest, supra, has established scienter as a requirement in private actions under § 10(b) and rule 10b-5. We agree with the district court that this distinction does not warrant an adoption of the common law fraud statute of limitations. 473 F.Supp. at 1165. The federal and state securities laws both promote the same policy of full disclosure in stock transactions. This commonality of purpose overrides lesser distinctions which may arise in the implementation of the regulatory schemes. Morris v. Stifel, Nicolaus & Co., Inc., 600 F.2d 139, 142-46 (8th Cir. 1979); Dupuy v. Dupuy, 551 F.2d 1005, 1023-24 n. 31 (5th Cir. 1977); see also Fox v. Kane-Miller Corp., 542 F.2d 915, 918 (4th Cir. 1976); Newman v. Prior, 518 F.2d 97, 100 (4th Cir. 1975); Vanderboom v. Sexton, 422 F.2d 1233, 1236-41 (8th Cir. 1970). Second, plaintiffs note that prior to July 1, 1976, Maryland's blue sky law did not provide a civil remedy for defrauded sellers. See Goodman v. Poland, 395 F.Supp. 660 (D.Md.1975). Thus, when this cause of action accrued, under state law, a defrauded seller of securities could proceed with a private action only for common law fraud. Plaintiffs argue that this lack of a securities fraud private remedy under state law precludes application of the blue sky statute of limitations to plaintiffs' § 10(b) claims. We do not agree.
 
 
 6
 Although Maryland's blue sky law did not establish a private remedy for defrauded sellers until after July 1, 1976, the blue sky law did proscribe the specific behavior challenged in this suit under § 10(b) and rule 10b-5. It provided criminal sanctions to support a seller's right. Md. Corp. & Ass'ns Code Ann. §§ 11-301, 11-417.[2] We think this latter factor is more significant, for present purposes, than is Maryland's former lack of a seller's private right of action. The fact that one statutory scheme permits a seller to sue, while the other does not, in no way undermines the simple truth that the federal and state statutes at issue here were designed to achieve similar ends. Both were designed to protect the securities market from manipulative and deceptive practices by buyers and sellers.
 
 
 7
 When borrowing a state statute of limitations for federal purposes, a court should look to the statute which most clearly addresses the same or similar policy considerations as are addressed by the federal right being asserted. It is not necessary that the state statute operate in the same fashion as the federal scheme, nor is it necessary that the state statute describe a cause of action identical to the federal cause at issue. Morris v. Stifel, Nicolaus & Co., Inc., supra, 600 F.2d at 142-146; Dupuy v. Dupuy, supra, 551 F.2d at 1023-24 n. 31. There simply must be a commonality of purpose between the federal right and the state statutory scheme so that it is reasonable to subject the federal implied right to the statute of limitations provided by state law. By comparison, the shared purposes between § 10(b) and common law fraud are generalized at best. In Fox v. Kane-Miller Corp., 542 F.2d 915, 918 (4th Cir. 1976), we held that the statute of limitations found in Maryland's blue sky law, Md. Corp. & Ass'ns Code Ann. § 11-703(f), would be applicable to implied actions arising under § 10(b). We see no reason to stray from that holding.[3]
 
 II.
 
 8
 Plaintiffs further claim that the running of the statute of limitations should have been tolled by the incompetency of one of the plaintiffs.[4] In Johnson v. Railway Express Agency, 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), the Court stated:
 
 
 9
 Any period of limitation . . . is understood fully only in the context of the various circumstances that suspend it from running against a particular cause of action. Although any statute of limitations is necessarily arbitrary, the length of the period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interest in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones. In virtually all statutes of limitations the chronological length of the limitation period is interrelated with provisions regarding tolling, revival, and questions of application. In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim.
 
 
 10
 Id. at 453-64, 95 S.Ct. at 1722. Under this reasoning we must apply the tolling provisions provided by Maryland law. See also Board of Regents v. Tomanio, --- U.S. ----, ----, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). Section 11-703(f) makes no provision for tolling on grounds of incompetency. We are not empowered to engraft such a provision onto the Maryland Code, and the facts of this case do not warrant an application of federal equitable relief. See Tomanio, supra, --- U.S. at ----, 100 S.Ct. at 1795; Johnson, supra, 421 U.S. at 465, 95 S.Ct. at 1722.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 The district court assumed that this cause of action had accrued on November 24, 1975, the date upon which the Mandel indictments issued. Suit was filed on November 22, 1978
 
 
 [2]
 Section 11-301 provides:
 It is unlawful for any person, in connection with the offer, sale, or purchase of any security, directly or indirectly to:
 (1) Employ any device, scheme, or artifice to defraud;
 (2) Make any untrue statement of a material fact or omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading; or
 (3) Engage in any act, private, or course of business which operates or would operate as a fraud or deceit on any person.
 
 
 [3]
 In Roberts v. Magnetic Metals Co., 611 F.2d 450 (3d Cir. 1979), a split panel of the Third Circuit found that in a seller's suit the lack of a seller's remedy under state law required the court to rely upon a common law fraud statute of limitations. However, the state securities law at issue in Roberts provided "no protection to sellers or tenderers of securities." Id. at 453. As discussed in the text, Maryland's securities law did provide protection for sellers. Thus, the problem faced in Roberts is not presented here, i. e., whether a court should apply a blue sky statute of limitations when the blue sky law does not regulate the behavior being challenged. See also McNeal v. Paine, Weber, Jackson & Curtis, 598 F.2d 888 (5th Cir. 1979)
 
 
 [4]
 Josephine O'Hara was incompetent when this cause of action accrued. However, her sons, also named plaintiffs, have been her guardians since November of 1976