**NORFOLK & WESTERN RAILWAY COMPANY, Plaintiff,**

v.

**UNITED STATES RAILWAY EQUIPMENT COMPANY, Defendant.**

No. 79 C 2121.

United States District Court, N.D. Illinois, E.D.

May 16, 1983.

Robert J. Hourigan, Bruce C. Spitzer, Gorham, Metge, Bowman & Hourigan, Chicago, Ill., for plaintiff.

Leonard Schanfield, Robert R. Tepper, David J. Gottesman, Rosenthal & Schanfield, Chicago, Ill., for defendant.

## JUDGMENT ORDER

SHADUR, District Judge.

After an extended jury trial in this action, the jury concluded its deliberations by returning special written findings, as provided for under Fed.R.Civ.P. ("Rule") 49(a), on the form submitted to it in accordance with the jury instruction conference previously held with counsel for both parties. Those findings supported the imposition of liability in favor of Norfolk & Western Railway Company ("N & W") and against United States Railway Equipment Company ("U.S. Railway"), and the relevant special findings as to the amount of such liability were as follows (the jury's written answers are indicated by underlining):

What do you find was the reasonable expense of necessary repair of the railroad cars?     $540,000 ($1,800 per car).

If you find those repairs could not cause the cars to conform to the contract between the parties or to the implied warranty (if any) applicable in this case or both, what do you find was the difference in value represented by that failure to conform?     $2,028,000

U.S. Railway had filed timely motions for directed verdict and, after the jury's return of its special findings, filed a timely motion asking for alternative relief. It included as one of the alternatives a motion for judgment notwithstanding the verdict under Rule 50(b). Under the circumstances this Court has determined and hereby finds that the jury could rationally have found as it did in terms of *liability,* so that both U.S. Railway's motions for directed verdict must be and are denied. This Court therefore turns to the motion for judgment n.o.v. (which in terms of this case—given the jury's special findings and the absence of a general jury verdict—

would mean a judgment in an amount different from $2,568,000, the result of adding the amounts reflected in the special findings). See *Fox v. Kane-Miller Corp.,* 398 F.Supp. 609, 649–50 (D.Md.1975), *aff'd,* 542 F.2d 915 (4th Cir.1976), following the same procedure.

██ This is a diversity case, and that means "the state law standard for a judgment n.o.v. is applied." *General Foam Fabricators, Inc. v. Tenneco Chemicals, Inc.,* 695 F.2d 281, 285 (7th Cir.1982), quoting *Oberman v. Dun & Bradstreet, Inc.,* 507 F.2d 349, 352 (7th Cir.1974). Here the state law is that of Illinois (*General Foam,* 695 F.2d at 285). Illinois imposes the stringent standard stated in *Pedrick v. Peoria & E.R.R.,* 37 Ill.2d 494, 510, 229 N.E.2d 504, 513 (1967) (also quoted in *General Foam* ):

> In our judgment verdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand.

██ There are to be sure some serious questions as to the sufficiency of N & W's proof of the reasonable expense of repairs—given the limitations imposed by Illinois substantive law on that score. But it cannot fairly be said that "all the evidence [on that subject], when viewed in its aspect most favorable to [N & W], so overwhelmingly favors [U.S. Railway] that [the special finding of $540,000] based on that evidence could [n]ever stand." Accordingly this Court must deny the motion for judgment

n.o.v. as to that component of the jury's findings.

On the other component, the answer is entirely different. Only the expert opinion testimony of Vincent DeSostoa, stating a figure of some $2.45 million (drawing of course on other facts claimed to be supported by the record and used by DeSostoa in expressing his opinion), can purport to support the difference in value represented by the curtailed useful life of the railroad cars. And DeSostoa's testimony is fatally flawed in at least three respects:

1. In calculating the present value of that loss of useful life, DeSostoa used a discount rate of 8%, based on what he identified as N & W's aggregate cost of capital. Yet his own testimony belied that rate, for it specifically included the "embedded" (that is, historical) cost of capital to N & W. In response to this Court's question on that point, DeSostoa testified he *knew* N & W's *current* cost of capital (the cost of fresh money) was 11% to 12%.[1] Without question 8% was an incorrect rate for discounting purposes, and there is nothing whatever in the record to indicate what DeSostoa's calculation would have been with a proper rate. In light of the complex calculation involved, none of which DeSostoa shared with the Court and jury, it is impossible even to speculate on the issue.

2. DeSostoa specifically identified repair costs of some $1.2 million (the amount claimed by N & W) as one of the ingredients in his formula. Yet the jury—whose determination has already

1. N & W's attorneys have just filed their "Reply to Defendant's Post Trial Motion and Suggestion for Judgment" and "Suggestions in Support of Jury Finding." In relevant part they now seek to impeach their own expert's testimony by a showing of a lower cost of capital to N & W. Yet they had properly taken exception earlier when they mistakenly thought, in response to this Court's post-trial inquiry for information (made in an effort to support the jury's determination if that were possible), that this Court was seeking to go outside the record. Parties and their counsel control what is offered to the trier of fact. This lawsuit took four years to go to trial, and it involved large-scale preparation by counsel experienced in commercial litigation (preparation consistent with the great deal of money at stake). N & W opted to provide DeSostoa's testimony on a conclusory all-or-nothing basis, with no way for the jury as the trier of fact to make a rational adjustment or reach any rationally supportable result if the premises on which DeSostoa based his testimony were not in accordance with the jury's determinations (or with the evidence at all). N & W cannot now retry its case, and this Court cannot accept the implied invitation to supplant the jury as the trier of fact.

been upheld in this order and is of course conclusive—found the reasonable expense of repair was $540,000. Again the nature of DeSostoa's testimony was such as to render it impossible to determine what the effect of the lower figure would have been on DeSostoa's bottom-line calculation.

3. DeSostoa's testimony was hopelessly confused and confusing as to the predicates he used in terms of the useful life of the railroad cars. Despite several opportunities under repeated questioning to clarify his obviously mistaken statements,[2] he adhered strongly to his original testimony. Once more the jury was set loose on an uncharted sea, with no guides to assist it in determining what had been said, or whether it jibed with the rest of the record, or if not what to do about it.

N & W had the burden of proving its damages no less than the burden of proving liability. This Court cannot substitute its judgment for the jury response, which on the facts of this case can only be characterized as totally speculative and not based on competent, material and relevant evidence. This Court is obligated to apply the well-established principles exemplified by *Brewer v. Custom Builders Corp.*, 42 Ill.App.3d 668, 677–78, 1 Ill.Dec. 377, 385, 356 N.E.2d 565, 573 (5th Dist.1976) (extensive citations omitted):

> In an action for damages for breach of contract, the party seeking to recover must establish not only that he sustained damages, but also he must supply a reasonable basis for computation of those damages.... Where the opinion as to the amount of damage suffered in a given case is based upon an element not properly considered, the opinion does not form a proper basis for the award of

damages.... If the party having the burden of proof establishes that he is entitled to damages, yet fails to establish a proper basis from which those damages can be computed, he is entitled to only nominal damages.

On that authority this Court can grant judgment for N & W, as to the second component already identified, only in the nominal sum of $1. To that extent the motion of U.S. Railway for judgment n.o.v. is sound and must be granted.

It is therefore ordered and adjudged that plaintiff Norfolk & Western Railway Company recover of defendant United States Railway Equipment Company the sum of $540,001, and that judgment for that amount plus costs and such interest as may be provided under applicable law be and is hereby entered in favor of said plaintiff and against said defendant.

---

**2.** In preparation for his testimony DeSostoa had made an original calculation based on one set of assumptions as to the railroad cars' useful life (before and after the defects were discovered). Then, because the prior testimony in the record did not track with the original set of assumptions, N & W's counsel asked him to make a different calculation based on alternative figures. When he actually testified, it was

not at all clear which set of figures he was testifying from (his testimony was internally inconsistent) or whether the ultimate conclusion he expressed was based on assumptions supportable in terms of the record.